[Cite as *State v. Bonner*, 2013-Ohio-3670.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO,                                   :

    Plaintiff-Appellee,                        :                CASE NO.   CA2012-09-195

                                 :                O P I N I O N
  - vs -                                                                    8/26/2013

                                   :

ANDREA BONNER,                                   :

    Defendant-Appellant.                     :


CRIMINAL APPEAL FROM BUTLER COUNTY AREA II COURT
Case No. CRB12-0910


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Scott Blauvelt, 246 High Street, Hamilton, Ohio 45011, for defendant-appellant


**PIPER, J.**

{¶ 1}   Defendant-appellant, Andrea Bonner, appeals her conviction in Butler County Area II Court for aggravated menacing.

{¶ 2}   On May 9, 2012, Christine Inman was standing in the parking lot of her apartment complex with her young daughter in a stroller, waiting for her son to get off the school bus.  As Inman's son exited the school bus, Inman saw a car "flying around the corner" in an area of the complex with a posted speed limit of five m.p.h.  When Inman told

the driver to slow down, the driver yelled expletives at her and the children, and continued to speed through the apartment complex. Inman and her children walked toward the apartment complex office and then to a park near her apartment. Once Inman and her children were at the park, the same car approached and the driver, later identified as Bonner, got out of the car and confronted Inman.

{¶ 3}   Bonner told Inman that she had been in a "hurry," and once Inman reiterated the need to obey the five m.p.h. speed limit, Bonner told Inman that she was going to "beat [her] ass," and called Inman a "flat boody [sic] white girl." At that point, Inman's son stated that "this lady is crazy," referring to Bonner, and Bonner continued to yell at Inman and her children. Bonner then told Inman that she was going to "attack" Inman and the children with her car, and proceeded to get back into her car and drive it toward Inman and the children. Inman blocked her children from the approaching car, and Bonner swerved before hitting Inman and drove off.

{¶ 4}   Inman called the police, and Officer Kyle Smith of the West Chester Police Department came to the apartment complex to investigate the incident. Officer Smith also contacted Bonner, who denied that she had driven the car toward Inman and her children. Officer Smith filed a complaint in the Butler County Area II Court alleging that Bonner committed aggravated menacing, and Bonner pled not guilty to the charge. A bench trial occurred, during which Inman, Officer Smith, and Bonner testified. The trial court found Bonner guilty, and sentenced her to 180 days in jail and a fine, both of which were suspended. The trial court placed Bonner on two years community control, and ordered her to have no contact with Inman, and also ordered that Bonner complete an anger management course. Bonner now appeals her conviction and sentence, raising three assignments of error. For ease of discussion, we will address the assignments of error out of order.

{¶ 5} Assignment of Error No. 3:

{¶ 6} THERE WAS INSUFFICIENT EVIDENCE TO SUPPORT A CONVICTION FOR AGGRAVATED MENACING.

{¶ 7} Bonner argues in her third assignment of error that her conviction for aggravated menacing is not supported by sufficient evidence.

{¶ 8} When reviewing the sufficiency of the evidence underlying a criminal conviction, an appellate court examines the evidence in order to determine whether such evidence, if believed, would support a conviction. *State v. Wilson*, 12th Dist. Warren No. CA2006-01-007, 2007-Ohio-2298. "The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks*, 61 Ohio St.3d 259 (1991), paragraph two of the syllabus, superseded on other grounds. The credibility of witnesses is primarily a determination for the trier of fact, as they are in the best position to observe the witnesses' demeanor, gestures and voice inflections. *State v. Benson*, 12th Dist. Butler No. CA2009-02-061, 2009-Ohio-6741.

{¶ 9} Bonner was convicted of aggravated menacing in violation of R.C. 2903.21(A), which provides, "no person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family." According to R.C. 2901.22(B), "a person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist."

{¶ 10} According to R.C. 2901.01(A),

> (5) "Serious physical harm to persons" means any of the following:

(a) Any mental illness or condition of such gravity as would normally require hospitalization or prolonged psychiatric treatment;

(b) Any physical harm that carries a substantial risk of death;

(c) Any physical harm that involves some permanent incapacity, whether partial or total, or that involves some temporary, substantial incapacity;

(d) Any physical harm that involves some permanent disfigurement or that involves some temporary, serious disfigurement;

(e) Any physical harm that involves acute pain of such duration as to result in substantial suffering or that involves any degree of prolonged or intractable pain.

Menacing crimes can include a present state of fear of bodily harm and a fear of bodily harm in the future. *State v. Russell*, 12th Dist. Warren Nos. CA2011-06-058, CA2011-09-097, 2012-Ohio-1127, citing *State v. Ali*, 154 Ohio App.3d 493, 2003-Ohio-5150, ¶ 26 (7th Dist.). "Aggravated menacing does not require the state to prove that the offender is able to carry out the threat or even that the offender intended to carry out the threat." *Russell* at ¶ 12.

{¶ 11} After viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of aggravated menacing proven beyond a reasonable doubt. Inman testified that Bonner threatened to "beat [her] ass," and also told Inman that she was going to "attack" Inman and the children with her car. Inman testified that after Bonner made her threats, Bonner got into her car and drove it toward Inman and the children. Although Bonner eventually swerved and did not actually contact Inman or her children with the car, any reasonable trier of fact could have found that Bonner knowingly caused Inman *to believe* that Bonner would cause Inman or her children serious physical harm by telling Inman that she was going to attack her and the children with her car, getting into the car, and then driving toward Inman and the children. This is especially true after Bonner yelled expletives at Inman and also threatened to "beat [Inman's] ass."

{¶ 12} Inman's testimony was corroborated by the testimony of Officer Smith, who stated that upon his investigation, he found Inman "physically upset" and that she "expressed concern for her children throughout the ordeal." Officer Smith further testified that Inman explained how Bonner drove her car toward her and the children, and that when Inman spoke of the incident; she "became visibly upset."

{¶ 13} Bonner testified on her own behalf and stated that she never aimed the car at Inman or her children, and that the incident did not occur the way in which Inman testified. However, the trial court specifically found that Inman's testimony was credible and that Bonner's version of the events did not make "any sense." As the trier of fact is in the best position to judge the credibility of the witnesses, we will not disturb the trial court's finding in regard to which version of events was credible, and which was not. Having found that Bonner's conviction is supported by sufficient evidence, Bonner's third assignment of error is overruled.

{¶ 14} Assignment of Error No. 1:

{¶ 15} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT BY FAILING TO AFFORD APPELLANT HER RIGHT OF ALLOCUTION BEFORE IMPOSING SENTENCE, IN VIOLATION OF CRIM.R. 32(A)(1).

{¶ 16} Bonner argues in her first assignment of error that the trial court erred in failing to provide her with the right of allocution before it imposed the sentence.

{¶ 17} According to Crim.R. 32(A)(1),

> Sentence shall be imposed without unnecessary delay. Pending sentence, the court may commit the defendant or continue or alter the bail. At the time of imposing sentence, the court shall do all of the following:
>
> Afford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment.

{¶ 18} "The purpose of allocution is to permit the defendant to speak on his own behalf or present any information in mitigation of punishment." *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, ¶ 85. Although not considered a constitutional right, "the right of allocution is firmly rooted in the common-law tradition." *State v. Copeland*, 12th Dist. Butler No. CA2007-02-039, 2007-Ohio-6168, ¶ 6. This right is "both absolute and not subject to waiver due to a defendant's failure to object." *State v Haynes*, 12th Dist. Butler No. CA2010-10-273, 2011-Ohio-5743, ¶ 27, citing *State v. Collier*, 2d Dist. Clark Nos. 2006 CA 102, 2006 CA 104, 2007-Ohio-6349, ¶ 92.

{¶ 19} The record is clear, and as the state concedes, that the trial court failed to address Bonner personally and ask if she wished to make a statement on her own behalf or present any information in mitigation of punishment. The record demonstrates that Bonner and the court exchanged a few statements, but the trial court did not specifically ask if Bonner wanted to address the court or wanted to present any mitigation evidence, and we would note that the exchange occurred *after* the trial court had already imposed the sentence. As such, Bonner's first assignment of error is sustained. The judgment of the trial court is reversed as to sentencing only and the matter is remanded for resentencing. Upon remand, the trial court is instructed to personally address Bonner and directly ask her if she wishes to make a statement on her own behalf or present any information in mitigation of punishment before imposing sentence.

{¶ 20} Assignment of Error No. 2:

{¶ 21} THE TRIAL COURT COMMITTED PLAIN ERROR TO THE PREJUDICE OF APPELLANT WHEN IT FAILED TO CALCULATE AND GRANT A REDUCTION IN THE SENTENCE OF CONFINEMENT FOR THE TIME SERVED IN PRETRIAL CONFINEMENT.

{¶ 22} Bonner argues in her second assignment of error that the trial court erred in failing to calculate and give her credit for jail time served. However, given our decision to

remand this case for resentencing, we find Bonner's second assignment of error moot.

**{¶ 23}** The record is unclear whether or for what amount of time Bonner was confined between the date of her arrest and the arraignment. Bonner claims in her brief that she was arrested on May 31, 2012, and served jail time until she was released on June 5, 2012. The state, however, argues that Bonner did not serve any jail time because although the warrant for Bonner's arrest was issued on May 31, 2012, Bonner was not taken into custody until June 5, 2012, the same day she was released on bond. During the resentencing hearing, the trial court may take into consideration the parties' arguments regarding any possible jail time served by Bonner. However, we need not address Bonner's assignment of error given that she will be resentenced after being afforded her right to allocution.

**{¶ 24}** Judgment affirmed in part, reversed in part, and remanded for the limited purpose of resentencing.

RINGLAND, P.J., and M. POWELL, J., concur.