[Cite as *State v. Myers*, 2014-Ohio-3658.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2013-06-104 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 8/25/2014 |
| - vs - | | |
| | : | |
| GREGORY S. MYERS, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 13CRB01230


Geoffrey A. Modderman, Hamilton City Prosecutor, 345 High Street, 2nd Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant


**S. POWELL, J.**

{¶ 1} Defendant-appellant, Gregory S. Myers, appeals from his conviction in the Hamilton Municipal Court for one count of domestic violence. For the reasons outlined below, we affirm.

{¶ 2} On March 12, 2013, a complaint was filed in the Hamilton Municipal Court charging Myers with domestic violence in violation of R.C. 2919.25(A), a first-degree

misdemeanor. The charge stemmed from allegations Myers twice choked his wife, Misty Myers, and slammed her into a closet door during an argument at his parents' home on the evening of March 4, 2013. A bench trial was held on June 24, 2013. Following the bench trial, the trial court found Myers guilty and ordered him to serve 180 days in jail, with 177 days suspended, two years of community control, and pay a fine of $400.

{¶ 3} Myers now appeals from his domestic violence conviction, raising one assignment of error for review.

{¶ 4} MR. MYERS'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 5} In his single assignment of error, Myers argues his conviction for domestic violence must be reversed as it was against the manifest weight of the evidence. Specifically, Myers argues the trial court "did not properly execute its fact-finding responsibilities and failed to render an appropriate verdict in light of the evidence presented at trial." We disagree.

{¶ 6} A manifest weight of the evidence challenge examines the "inclination of the greater amount of credible evidence, offered at a trial, to support one side of the issue rather than the other." *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14; *State v. Thompkins*, 78 Ohio St.3d 380, 387 (1997). To determine whether a conviction is against the manifest weight of the evidence, the reviewing court must look at the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Graham*, 12th Dist. Warren No. CA2008-07-095, 2009-Ohio-2814, ¶ 66.

{¶ 7} "While appellate review includes the responsibility to consider the credibility of

- 2 -

witnesses and weight given to the evidence, 'these issues are primarily matters for the trier of fact to decide.'" *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81, quoting *State v. Walker*, 12th Dist. Butler No. CA2006-04-085, 2007-Ohio-911, ¶ 26. An appellate court, therefore, will overturn a conviction due to the manifest weight of the evidence only in extraordinary circumstances when the evidence presented at trial weighs heavily in favor of acquittal. *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 8} As noted above, Myers was convicted of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. According to that statute, "[n]o person shall knowingly cause or attempt to cause physical harm to a family or household member." Pursuant to R.C. 2901.01(A)(3), "physical harm" includes "any injury, * * * regardless of its gravity or duration."

{¶ 9} At trial, the state offered evidence indicating Myers grabbed his wife Misty by the throat and slammed her into the closet door while upstairs in his parents' home. Specifically, Misty testified that after telling Myers she was leaving with their seven-year-old daughter, Myers:

> said that she was not coming with me. I said, "I'm her mother. Yes, she leaves this house with me." And he proceeded to get up off the bedroom floor grab me by my throat and slam me into the closet door and start strangling me in front of our child.

In describing this incident further, Misty testified that Myers "was just hanging with one hand squeezing on my throat pinning me against the closet door telling me that I'm not leaving." Misty, however, did not remember which hand he used, but testified that it was "[p]robably his right hand."

{¶ 10} Misty then testified that she was able to get away from Myers and run downstairs when Myers came after her and again grabbed her by the throat and pushed her

into the downstairs closet door. When asked how Myers pushed her, Misty testified "[t]he exact same way he did upstairs. With one hand pulling me against the door and squeezing my neck." According to Misty, she suffered a scratch on her collar bone and soreness from bruising on her back and throat. The state also provided testimony from Officer John Ebbing of the City of Hamilton Police Department who reported seeing redness on Misty's neck after being dispatched to the scene. Officer Ebbing further noted that Misty was upset and seemed very nervous.

{¶ 11} In his defense, Myers offered the testimony from his mother, Lisa Myers, who testified she heard "a little bit of arguing" between Myers and Misty when she was downstairs in the living room, but that she did not hear anything out of the ordinary that would indicate that a physical altercation occurred. Lisa also testified that she did not witness any physical altercation between Myers and Misty, nor did she see any marks on Misty that evening. She further testified that Myers has some disability in his right hand making it difficult for him to move his wrist. As Lisa testified, "[w]ell, he has some movement in it but it's not like you and I have."

{¶ 12} As can be seen, just like most domestic violence cases, this case comes down to the credibility of the witnesses. The trial court, however, clearly found the state's evidence to be more credible. In fact, as the trial court explicitly stated in rendering its guilty verdict:

> The case would need to be made based on the testimony of [Misty], and when [Misty] testified I believe she was telling me the truth about what happened. Um – I didn't feel like she was lying about it. You (impeached) her somewhat about bringing in a question about her prior convictions. Um – but overall I thought her testimony was truthful and believable and I'm going to find the defendant to be Guilty based on that testimony.

"As the trier of fact is in the best position to judge the credibility of the witnesses, we will not disturb the trial court's finding in regard to which version of events was credible, and which was not." *State v. Bonner*, 12th Dist. Butler No. CA2012-09-195, 2013-Ohio-3670, ¶ 13.

- 4 -

{¶ 13} Moreover, although faced with conflicting evidence, "[i]t is well-established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. In turn, we simply cannot say the trial court erred and clearly lost its way by finding Myers guilty of domestic violence. *See, e.g., State v. Thompkins*, 12th Dist. Butler No. CA2013-07-119, 2014-Ohio-1688, ¶ 11 (finding domestic violence conviction was not against the manifest weight of the evidence where the state presented evidence indicating appellant grabbed the victim by the throat, choked her, and threw her to the ground). Therefore, as Myers' domestic violence conviction was not against the manifest weight of the evidence, Myers' sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

RINGLAND, P.J., and PIPER, J., concur.