[Cite as *State v. Disney*, 2016-Ohio-3545.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2015-09-171 |
| | : | O P I N I O N |
| - vs - | | 6/20/2016 |
| | : | |
| TERRY DISNEY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM HAMILTON MUNICIPAL COURT
Case No. 14 CRB 04402

Neal Schuett, Hamilton City Prosecutor, 345 High Street, Hamilton, Ohio 45011, for plaintiff-appellee

Christopher p. Frederick, 304 North Second Street, Hamilton, Ohio 45011, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Terry Disney, appeals a decision of the Hamilton Municipal Court convicting her of domestic violence. For the reasons outlined below, we affirm.

{¶ 2} The charge against appellant stemmed from allegations that she engaged in an altercation with her adult daughter, A.S. On November 27, 2014, the family gathered at the

Disney house to celebrate Thanksgiving. At some point, the family assembled in the living room to discuss a sensitive matter. When the dialogue turned into a heated argument, A.S. decided to take her children and leave the house.

{¶ 3} The facts concerning what happened next are in dispute. According to appellant, A.S. exited the room and hit appellant's chair with enough force to turn the chair nearly around. Appellant rose and approached A.S., pointing a finger at her daughter and saying she would not tolerate A.S. verbally abusing her or her husband in their house. Appellant did not physically engage A.S. in any way, nor even attempt to. Rather, her taller and much larger daughter pushed her to the ground. Appellant's son and son-in-law helped her up and attempted to calm her. Thereafter, appellant's husband summoned the police to the residence.

{¶ 4} A.S. offers a different version of events. According to A.S., she accidentally bumped appellant's chair when she exited the living room. In response, appellant screamed "I brought you into this world, and I can take you out" and aggressively advanced towards her with a raised and clenched fist. A.S., her back against a pantry door, pushed appellant away in an effort to defend herself. Appellant fell to the ground. After returning to a standing position, appellant had to be restrained by her son and son-in-law. A.S. left the house with her children and waited in her car for the police to arrive.

{¶ 5} A few days after the incident, appellant was charged with one count of domestic violence in violation of R.C. 2919.25(A), a first-degree misdemeanor. Following a bench trial, she was found guilty and sentenced. This appeal followed.

{¶ 6} Assignment of Error No. 1:

{¶ 7} THE STATE PRESENTED INSUFFICIENT EVIDENCE TO CONVICT MS. DISNEY OF DOMESTIC VIOLENCE.

{¶ 8} Assignment of Error No. 2:

{¶ 9}   MS. DISNEY'S CONVICTION WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

{¶ 10} Appellant contends that the evidence was insufficient to support her conviction for domestic violence, and that her conviction was against the manifest weight of the evidence.  Because her two assignments of error are amenable to simultaneous disposition, we shall address them together.

{¶ 11} The concepts of sufficiency of the evidence and weight of the evidence are legally distinct.  *State v. Wright*, 12th Dist. Butler No. CA2012-08-152, 2014-Ohio-985, ¶ 10. Nonetheless, as this court has repeatedly observed, a finding that a conviction is supported by the manifest weight of the evidence is also dispositive of the issue of sufficiency.  *State v. Jones*, 12th Dist. Butler No. CA2012-03-049, 2013-Ohio-150, ¶ 19.  "Because sufficiency is required to take a case to the jury, a finding that a conviction is supported by the weight of the evidence must necessarily include a finding of sufficiency."  *State v. Hart*, 12th Dist. Brown No. CA2011-03-008, 2012-Ohio-1896, ¶ 43.

{¶ 12} A manifest weight challenge scrutinizes the proclivity of the greater amount of credible evidence, offered at a trial, to support one side of the issue over another.  *State v. Barnett*, 12th Dist. Butler No. CA2011-09-177, 2012-Ohio-2372, ¶ 14.  In assessing whether a conviction is against the manifest weight of the evidence, a reviewing court examines the entire record, weighs the evidence and all reasonable inferences, considers the credibility of the witnesses, and determines whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered.  *State v. Morgan*, 12th Dist. Butler Nos. CA2013-08-146 and CA2013-08-147, 2014-Ohio-2472, ¶ 34.

{¶ 13} Although appellate review contemplates the credibility of witnesses and weight afforded to the evidence, resolution of issues arising therefrom typically falls within the

purview of the trier of fact. *State v. Barnes*, 12th Dist. Brown No. CA2010-06-009, 2011-Ohio-5226, ¶ 81. Thus, an appellate court will overturn a conviction on manifest weight grounds only in extraordinary circumstances where the evidence presented at trial weighs heavily in favor of acquittal. *Id.*, citing *State v. Thompkins*, 78 Ohio St.3d 380, 387, 1997-Ohio-52.

{¶ 14} As stated, appellant was convicted of domestic violence in violation of R.C. 2919.25. Subsection (A) of the statute prohibits any person from knowingly causing or attempting to cause physical harm to a family or household member. A person acts "knowingly" when he or she is aware that their conduct will probably cause a certain result or will probably be of a certain nature. R.C. 2901.22(B). Pursuant to R.C. 2901.01(A)(3), "physical harm" encompasses any injury, regardless of gravity or duration.

{¶ 15} Obviously, when the victim sustains visible injuries, the causation element is easier to prove. But what type of evidence is required to prove that the perpetrator *attempted* to cause physical harm to the victim? Under R.C. 2923.02(A), Ohio's attempt statute, a person can be convicted of attempting to commit an offense when they engage in conduct toward the commission of the offense. The Ohio Supreme Court construed the attempt statute in a seminal opinion issued several decades ago. *State v. Woods*, 48 Ohio St.2d 127 (1976), paragraph one of the syllabus, *judgment vacated on other grounds*, 438 U.S. 910, 98 S.Ct. 3133 (1978).

{¶ 16} The *Woods* court defined a "criminal attempt" as "an act or omission constituting a substantial step in a course of conduct planned to culminate in [the actor's] commission of the crime." *Woods* at paragraph one of the syllabus. A "substantial step" is denoted by conduct "strongly corroborative of the actor's criminal purpose." *Id.* Though overruled on other grounds, this portion of the *Woods* opinion retains validity and was recently cited by the current bench of the Ohio Supreme Court. *See State v. Dean*, Slip

Opinion No. 2015-Ohio-4347, __ Ohio St.3d __, 2015-Ohio-4347, ¶ 175.

{¶ 17} This court has similarly ruled that an attempt entails conduct perpetrated toward the commission of an offense. *State v. Curtis*, 12th Dist. Butler No. CA2008-01-008, 2009-Ohio-192, ¶ 16. While examining R.C. 2923.02(A), we noted:

> A criminal attempt is complete when a defendant's conduct or acts constitute a substantial step in a sequence of events designed to result in the perpetration of a crime. A substantial step involves conduct which is "strongly corroborative of the actor's criminal purpose."

(Citations omitted). *Curtis* at ¶ 16, quoting *Woods* at paragraph one of the syllabus. This explanation can be employed to clarify the concept of "attempting to cause physical harm" within the meaning of the domestic violence statute. That is, a perpetrator violates R.C. 2919.25(A) when they take a substantial step toward causing physical harm to a family or household member.

{¶ 18} In the present matter, appellant protests that the trial court incorrectly weighed the evidence in reaching its verdict. According to appellant, the record lacks credible evidence establishing that she attempted to cause physical harm to A.S. Appellant emphasizes that both women were yelling and cursing at one another. She admits to angrily walking toward A.S. with a pointed finger, but nothing more. According to appellant, the trial court wrongly found this single act sufficient to constitute a substantial step toward causing physical harm to A.S. in contravention of the credible evidence she offered at trial.

{¶ 19} For example, appellant testified that she was physically incapable of making a fist due to a thumb injury. Her husband corroborated her assertion that she pointed a finger at A.S. rather than making a fist. In addition, appellant emphasizes that her daughter was larger in both stature and weight. Finally, appellant downplays the "I can take you out" comment, insisting it was a common statement that was not indicative of intent to cause harm. Multiple witnesses corroborated A.S.'s assertion that appellant made the comment.

However, appellant's daughter-in-law C.H. testified that she believed the statement was delivered after appellant had already fallen to the ground.

{¶ 20} If believed, the above assertions could feasibly refute the charge against appellant. But the trial court chose to believe A.S.'s version of events. As stated, A.S. maintains that appellant rose from the chair and angrily charged her, verbalizing what A.S. construed as a threat against her life in the "I can take you out" statement. At trial, appellant admitted that she did not recall making the statement, but conceded that she may have uttered the sentence as she had said it before. The victim's husband, T.S., adamantly insisted that appellant made this threat while charging A.S.

{¶ 21} Both T.S. and C.H. testified that appellant's movements were aggressive and that appellant indeed moved toward A.S. with clenched fists. In fact, C.H. stated that appellant had one fist raised up near her head as if she were going to strike her daughter. According to C.H., A.S. told her mother "you're not going to hit me anymore." A.S. maintains that she pushed appellant away in order to defend herself from the onslaught. Contrary to appellant's depiction of the aftermath, A.S. testified that her husband and brother had to restrain appellant to keep her from attacking her daughter again after falling to the ground.

{¶ 22} Clearly, there were some key facts in dispute in the present matter. As often occurs in domestic violence cases, the disposition of the case ultimately hinged upon the credibility of the witnesses. *See, e.g., State v. Myers*, 12th Dist. Butler No. CA2013-06-104, 2014-Ohio-3658, ¶ 12-13; *State v. Zielinski*, 12th Dist. Warren No. CA2010-12-121, 2011-Ohio-6535, ¶ 32. As stated, the finder of fact is in the best position to assess credibility and to resolve questions of fact. *Barnes*, 2011-Ohio-5226 at ¶ 81.

{¶ 23} To reverse a conviction as being against the manifest weight of the evidence, we must disagree with the factfinder's resolution of conflicting evidence. *State v. Lampe*, Hamilton App. No. C-020708, 2003-Ohio-3059, ¶ 8. Due to the factfinder's ability to observe

the demeanor of witnesses and adjudge credibility, we tend to refrain from disturbing its finding regarding which version of events was more credible. *State v. Bonner*, 12th Dist. Butler No. CA2012-09-195, 2013-Ohio-3670, ¶ 13. Hence our resolve to grant a new trial only in exceptional cases where the evidence presented at trial weighs heavily in favor of acquittal. *Barnes* at ¶ 81.

**{¶ 24}** In the case sub judice, the trial court chose to believe the version of events propounded by A.S. After reviewing the record, we cannot say that this determination was erroneous. "It is well-established that when conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the trier of fact believed the prosecution testimony." *State v. Lunsford*, 12th Dist. Brown No. CA2010-10-021, 2011-Ohio-6529, ¶ 17. The weight of the evidence supports that appellant attempted to cause physical harm to her daughter and was aware her conduct would likely cause a certain result. It is true that appellant's actions did not culminate in the perpetration of physical harm against A.S. Nonetheless, the record contains credible evidence establishing that appellant engaged in conduct that constituted a substantial step toward committing domestic violence within the meaning of R.C. 2919.25(A).

**{¶ 25}** Appellant's insistence that her statement about "taking A.S. out" was nonthreatening defies reason. If conveyed in a lighthearted tone and perhaps accompanied by a smile or a laugh, such a statement could be interpreted as a harmless joke. When made whilst aggressively advancing toward an individual with fists clenched and raised, such a statement cannot reasonably be viewed as a benign gag. To the contrary, such behavior corroborates the actor's purpose to cause bodily harm to the intended victim. *Woods*, 48 Ohio St.2d at paragraph one of the syllabus.

**{¶ 26}** In sum, we cannot say that the trial court clearly lost its way in rendering its decision. The record contains evidence which credibly establishes the elements necessarily

to sustain appellant's conviction for domestic violence. This finding is dispositive of the issue of sufficiency of the evidence as well. Accordingly, appellant's first and second assignments of error are overruled.

{¶ 27} Judgment affirmed.

M. POWELL, P.J., and S. POWELL, J., concur.