[Cite as *State v. Warren*, 2013-Ohio-3483.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY


STATE OF OHIO,                           :

    Plaintiff-Appellee,                :            CASE NO.  CA2012-12-087

                             :            O P I N I O N
  - vs -                                         8/12/2013

                             :

ERIC SCOTT WARREN,                       :

    Defendant-Appellant.               :


CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2012-CR-0233


D. Vincent Faris, Clermont County Prosecuting Attorney, Judith Brant, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

Denise S. Barone, 385 North Street, Batavia, Ohio 45103, for defendant-appellant


**PIPER, J.**

{¶ 1} Defendant-appellant, Eric Warren, appeals his sentence in the Clermont County Court of Common Pleas for single counts of breaking and entering and theft.

{¶ 2} Warren broke into a business equipped with a security system and surveillance video equipment in order to steal copper fittings and tubing used in air conditioning units. An employee of the business was alerted that someone had broken into the building, and that employee contacted the police. When police came to the scene, they saw Warren run from

the building and into a near-by car lot. Warren then tried to flee from police by driving away in a truck belonging to the car lot. However, the police were able to stop the truck, at which time Warren jumped from the truck and led police on a foot-chase. Warren was finally apprehended when police caught and tased him.

{¶ 3} Warren was indicted on four counts, including two counts of breaking and entering, one count of grand theft, and one count of possessing criminal tools. Warren, who has an extensive criminal history, and the state reached a plea agreement wherein Warren agreed to plead guilty to one count of breaking and entering, a fifth-degree felony, and one count of grand theft of a motor vehicle, a felony of the fourth degree. The other two charges were dismissed. The trial court sentenced Warren to 12 months on the breaking and entering charge, and 18 months on the grand theft charge, and ran the sentences consecutive for an aggregate sentence of 30 months. Warren now appeals the trial court's sentence, raising the following assignment of error.

{¶ 4} THE TRIAL COURT ERRED IN IMPOSING A TWO-AND-ONE-HALF-YEAR SENTENCE FOR THE CONVICTIONS HEREIN.

{¶ 5} Warren argues in his assignment of error that the trial court's sentence was erroneous.

{¶ 6} As we recently noted in *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, "the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences." *Id.* at ¶ 6, quoting *State v. A.H.*, 8th Dist. Cuyahoga No. 98622, 2013-Ohio-2525, ¶ 7; *see also State v. Cochran*, 10th Dist. Franklin No. 11AP-408, 2012-Ohio-5899, ¶ 52. Pursuant to R.C. 2953.08(G)(2), when hearing an appeal of a trial court's felony sentencing decision, "the appellate court may increase, reduce, or otherwise modify a sentence that is appealed under this section or may vacate the sentence and remand the matter to the sentencing court for resentencing." However, as explicitly stated in R.C.

2953.08(G)(2), "[t]he appellate court's standard for review is not whether the sentencing court abused its discretion."

{¶ 7} Instead, an appellate court may take any action authorized under R.C. 2953.08(G)(2) only if the court "clearly and convincingly finds" that either: (1) "the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;" or (2) "[t]hat the sentence is otherwise contrary to law." A sentence is not clearly and convincingly contrary to law where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, and sentences appellant within the permissible statutory range. *Crawford* at ¶ 9; *State v. Elliott*, 12th Dist. Clermont No. CA2009-03-020, 2009-Ohio-5926, ¶ 10.

{¶ 8} In making such a determination, it is "important to understand that the clear and convincing standard used by R.C. 2953.08(G)(2) is written in the negative." *Crawford* at ¶ 8, quoting *Venes*, 2013-Ohio-1891 at ¶ 21. "It does not say that the trial judge must have clear and convincing evidence to support its findings." *Id.* Instead, "it is the court of appeals that must clearly and convincingly find that the record does not support the court's findings." *Id.* Simply stated, the language in R.C. 2953.08(G)(2) establishes an "extremely deferential standard of review" for "the restriction is on the appellate court, not the trial judge." *Id.*

{¶ 9} Regarding the maximum duration of the sentences, Warren was convicted of felonies of the fourth and fifth degree. According to R.C. 2929.14(A)(4) and (5), "for a felony of the fourth degree, the prison term shall be six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." "For a felony of the fifth degree, the prison term shall be six, seven, eight, nine, ten, eleven, or twelve months." The trial court sentenced Warren to 12 months on the fifth-degree felony and 18 months on the fourth-degree felony so that each sentence is within the statutory limit.

{¶ 10} Further, the trial court sentenced Warren after stating that it had considered the circumstances of the case, the principles and purposes of sentencing, and had balanced the seriousness and recidivism factors. While both of the sentences constituted maximum sentences, they are not clearly and convincingly contrary to law. *State v. Humes*, 12th Dist. Clermont No. CA2009-10-057, 2010-Ohio-2173, ¶ 18.

{¶ 11} Warren argues that his counsel was ineffective for not offering better mitigation evidence, thus causing the trial court to sentence him to the maximum sentence. Regarding ineffective assistance of counsel, an appellant must establish that first, "his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial." *State v. Myers,* 12th Dist. Fayette No. CA2005-12-035, 2007-Ohio-915, ¶ 33, citing *Strickland v. Washington*, 466 U.S. 668, 689, 104 S.Ct. 2052 (1984). Regarding the first prong, an appellant must show that his counsel's representation "fell below an objective standard of reasonableness." *Strickland,* 466 U.S at 688. The second prong requires the appellant to show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.

{¶ 12} While Warren asserts that he would not have been sentenced to "such a long sentence" but for his counsel failing "to present a better mitigation hearing," the record indicates otherwise. Warren's counsel was not deficient for his conduct at the sentencing hearing, as the record clearly indicates that counsel offered mitigation evidence before Warren was sentenced. Warren's counsel discussed Warren's drug addiction, health problems, as well as Warren's desire to seek treatment. Warren's counsel advocated for treatment or community control rather than prison, but the trial court decided instead to impose a prison sentence. That fact, however, did not render Warren's counsel ineffective.

{¶ 13} Warren's extensive prior record coupled with the facts and circumstances of

this case warranted the imposition of a prison sentence. The trial court's maximum sentence was based upon full consideration of the sentencing guidelines, as well as consideration of the mitigation evidence in favor of Warren. The record does not indicate, nor has Warren suggested, the existence of any other mitigation evidence. Nor has Warren demonstrated how counsel could have performed differently, or in what way the mitigation hearing could have occurred differently. In short, Warren has not shown that the results of his sentence would have been different but for counsel's performance. As such, Warren did not receive ineffective assistance of counsel.

{¶ 14} While we have found no error in the trial court's maximum sentence, we sua sponte find that the trial court did not properly order consecutive sentences.[1] After reviewing the record, we clearly and convincingly find that the consecutive nature of the sentences was improperly imposed because the trial court did not make the requisite findings as required by statute.

{¶ 15} According to 2929.14(C)

> (4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:
>
> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

---

1. An appellate court has the discretion to recognize an issue not raised by the parties so long as the record contains a sufficient basis for deciding the issue. *Hungler v. Cincinnati*, 25 Ohio St.3d 338 (1986). This court has a sufficient basis for deciding the issue because the record contains a transcript of the sentencing hearing and the trial court's judgment entry of sentence, neither of which contain the necessary statutory findings.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶ 16} This court and others have found that a trial court is not required to state any talismanic language when imposing a sentence. *State v. Kuykendall,* 12th Dist. Clermont No. CA2004-12-111, 2005-Ohio-6872, ¶ 24. "The statutory language itself does not have magical powers. Instead, it is merely a vehicle to ensure that the trial court engaged in the required analysis." *Id.* Even so, there must be some reference in the record that the trial court considered the statutory requirements and made the requisite findings. Here, there is no indication that the trial court made consecutive findings after having considered the requirements, or that it made the requisite findings.

{¶ 17} The statute requires the court to find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, and (2) that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. In addition to these two findings, the court must find one of the three factors, as listed in subsections (a) through (c). Here, the trial court did not make the requisite findings regarding consecutive sentences so that this case must be remanded to the trial court to make the necessary findings.

{¶ 18} Having found that Warren's maximum sentence was proper and that he did not receive ineffective assistance of counsel, but that the consecutive nature of his sentence fails to comport with the statutory requirements, his assignment of error is overruled in part and sustained in part.

{¶ 19} Judgment affirmed in part, reversed in part, and remanded for further proceedings consistent with this opinion.

S. POWELL, P.J., and M. POWELL, J., concur.