[Cite as *State v. Stamper*, 2013-Ohio-5669.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

STATE OF OHIO,                                :

    Plaintiff-Appellee,                    :

                                    :

    - vs -                                      :

                                      :

LEONARD STAMPER,                            :

    Defendant-Appellant.                  :

CASE NO. CA2012-08-166

O P I N I O N
12/23/2013

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2012-01-0103

Michael T. Gmoser, Butler County Prosecuting Attorney, Michael A. Oster, Jr., Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michael K. Allen & Associates, Joshua A. Engel, 5181 Natorp Boulevard, Suite 210, Mason, Ohio 45040, for defendant-appellant

**M. POWELL, J.**

{¶ 1} Defendant-appellant, Leonard Stamper, appeals his sentence in the Butler County Court of Common Pleas for rape.

{¶ 2} Appellant was indicted in February 2012 on three counts of rape and one count of gross sexual imposition. The state alleged that from November 1, 2007, through September 30, 2010, appellant engaged in sexual conduct with the pre-teenage daughter of

his then paramour.  The victim was ten years old when the offenses began.  At the time of the offenses, appellant was living with the victim and her mother.

{¶ 3}  On July 9, 2012, appellant pled guilty to three counts of rape in violation of R.C. 2907.02(A)(1)(c) (first-degree felonies).  During the plea hearing, the state indicated that from November 1, 2007, through September 30, 2010, appellant engaged in sexual conduct with the victim constituting rape by fellatio, cunnilingus, and digital penetration of the vagina.  In exchange for appellant's guilty plea, the gross sexual imposition charge was merged, and appellant's sentence upon conviction was to be "capped at 10 years per count, no life sentence."  At the time of the plea, appellant was 74 years old.

{¶ 4}  On August 24, 2012, following a sentencing hearing, the trial court sentenced appellant to ten years in prison on each count of rape, and ordered that two of the sentences be served consecutively, for an aggregate prison term of 20 years.

{¶ 5}  Appellant appeals, raising two assignments of error.

{¶ 6}  Assignment of Error No. 1:

{¶ 7}  THE TRIAL COURT ABUSED ITS DISCRETION BY IMPOSING MAXIMUM SENTENCES.

{¶ 8}  Appellant argues the trial court abused its discretion in sentencing him to the maximum prison term for each of the three counts of rape.  Appellant asserts the trial court failed to properly consider the factors under R.C. 2929.12, in that the court gave significant weight to the victim's statements at sentencing but failed to take into account the fact appellant accepted responsibility for his actions.  Appellant further asserts that his sentence is disproportionate to similarly situated offenders because he received a longer sentence compared to lesser sentences received by other defendants charged with similar rape offenses in other counties.  Appellant also asserts that "nothing in the record suggests that his conduct was 'egregious' when compared to others who committed the same offense."  In

- 2 -

support of his disproportionality argument, appellant cites to a list of 15 cases from other appellate courts as well as to two opinions from this court, *State v. Mathes*, 12th Dist. Clermont No. CA2012-03-028, 2013-Ohio-1732; and *State v. Alkire*, 12th Dist. Madison No. CA2008-09-023, 2009-Ohio-2813.

{¶ 9} At the outset, we note that we no longer review felony sentences under an abuse of discretion standard. *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6-7. Rather, we review felony sentences to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *Id.* A sentence is not clearly and convincingly contrary to law where the record supports the trial court's findings under R.C. 2929.14(C)(4) and where the trial court considers the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly applies postrelease control, and sentences appellant within the permissible statutory range. *See id.* at ¶ 7, 9; R.C. 2953.08(G)(2).

{¶ 10} Appellant does not dispute that the trial court sentenced him within the statutory range, nor does he dispute that the trial court properly applied postrelease control in this case. The judgment entry of conviction specifically states that the trial court considered "the principles and purposes of sentencing under Ohio Revised Code Section 2929.11, and has balanced the seriousness and recidivism factors of Ohio Revised Code Section 2929.12."

{¶ 11} We find that the trial court did not err in sentencing appellant to the maximum prison term for each rape count. When sentencing a defendant, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Oldiges*, 12th Dist. Clermont No. CA2011-10-073, 2012-Ohio-3535, ¶ 17. Factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Birt*, 12th Dist. Butler No. CA2012-02-

031, 2013-Ohio-1379, ¶ 64.

{¶ 12} During the sentencing hearing, the trial court allowed appellant to present mitigating evidence. In a statement to the court, appellant took responsibility for his actions, apologized for his criminal conduct, and stated he was "prepared to take the consequences of whatever sentence" the trial court deemed appropriate. The victim subsequently took the stand and described how appellant "stalked [her] life day and night for years," and how she was:

> the innocent little girl whose life you screwed up, the courage and fight that you took out of her, the light and happiness that left her eyes. * * * The girl that grew up before her time, who lost her innocence and youth. The girl who was silently screaming, begging for someone, anyone to notice.

The victim also explained she had recently been hospitalized in a mental institution because she "couldn't handle being at home with the triggers and the memories." The victim closed her statement with, "Whoever knew the word dad could mean molester."

{¶ 13} In sentencing appellant to the maximum prison term for each rape count, the trial court found that:

> It seems clear to me that the harm that was visited on [the victim] in this case was a result of predatory behavior. * * * you groomed this family, you groomed this little girl, and when the time was right, you took advantage of it, and you took advantage of it for a period of time. The harm here was great. I've seen that little girl stand up there and talk about what happened to her, a terrible thing. You made her grow up too soon. She shouldn't have to be talking about those things to this Court or to anybody else. And I understand why her parents were concerned about her well-being.

{¶ 14} In light of the foregoing, we find that the trial court did not err in sentencing appellant to the maximum prison term for each of the three counts of rape. Appellant's maximum sentences are not clearly and convincingly contrary to law. *State v. Humes*, 12th Dist. Clermont No. CA2009-10-057, 2010-Ohio-2173, ¶ 18.

{¶ 15} With regard to appellant's disproportionality argument, we have held that a "defendant has no substantive right to a particular sentence within the statutorily authorized range." *State v. Isreal*, 12th Dist. Butler No. CA2010-07-170, 2011-Ohio-1474, ¶ 70. "A consistent sentence is not derived from a case-by-case comparison, but from the trial court's proper application of the statutory sentencing guidelines." *Id.* at ¶ 72. "In other words, a defendant claiming inconsistent sentencing must show the trial court failed to properly consider the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12." *Id.* "When sentencing an offender, each case stands on its own unique facts." *State v. Mannarino*, 8th Dist. Cuyahoga No. 98727, 2013-Ohio-1795, ¶ 58.

{¶ 16} In support of his disproportionality argument, appellant cites 15 cases from other Ohio appellate courts, including the name of the case, the date of the case, whether it was a jury or bench trial, the statutory offense or offenses each defendant was convicted of and the number of counts, and the sentence each offender received. As listed, those cases do not tell any facts about the individual cases, do not tell anything about the offenders' characteristics, and provide no information beyond the convictions and terms of the sentences. *Id.* at ¶ 60-61. Thus, those cases do not tell whether the offenders in those cases were similar to appellant. *Id.*

{¶ 17} Appellant also cites two opinions from this court, *Mathes*, 2013-Ohio-1732, and *Alkire*, 2009-Ohio-2813. In *Mathes*, the defendant was convicted by a jury of rape, kidnapping, and unlawful restraint for raping a 14-year-old girl. The offenses were merged as allied offenses of similar import, and the defendant was sentenced to five years in prison for his rape conviction. The defendant did not appeal his sentence.

{¶ 18} In *Alkire*, the defendant was convicted by a jury of two counts of rape (under two statutory theories) for raping a 17-year-old girl. The rape convictions were merged as allied offenses and the defendant was sentenced to nine years in prison. The defendant did

not appeal his sentence.

**{¶ 19}** We find that *Mathes* and *Alkire* are factually distinguishable from the case at bar and are therefore not comparable. Unlike the case at bar, the victims in *Mathes* and *Alkire* were not pre-teenagers. Further, the sexual conduct was a single, isolated incident and did not span several years. In addition, while the victim knew the defendant in *Mathes*, and while the victim was friends with the defendant's niece in *Alkire*, these offenders did not live with their victims and were not a parental figure to them. In the case at bar, appellant took advantage of his close relationship to the victim. Finally, the offenders in *Mathes* and *Alkire* were sentenced after their offenses were merged.

**{¶ 20}** As stated earlier, the trial court properly considered the statutory sentencing factors and guidelines found in R.C. 2929.11 and 2929.12 before sentencing appellant, and imposed a sentence within the statutory range for the offenses. *Isreal*, 2011-Ohio-1474 at ¶ 73; R.C. 2929.14. Accordingly, appellant failed to show his sentence is inconsistent with other similarly situated offenders.

**{¶ 21}** While we find that the trial court did not err in imposing maximum prison terms, we sua sponte find it improperly imposed consecutive sentences.[1] *State v. Warren*, 12th Dist. Clermont No. CA2012-12-087, 2013-Ohio-3483, ¶ 14. After reviewing the record, we clearly and convincingly find that the consecutive nature of the sentences was improperly imposed because the trial court did not make the required statutory findings on the record at sentencing.

**{¶ 22}** Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Dillon*,

---

1. "An appellate court has the discretion to recognize an issue not raised by the parties as long as the record contains a sufficient basis for deciding the issue." *Warren*, 2013-Ohio-3483 at fn. 1, citing *Hungler v. Cincinnati*, 25 Ohio St.3d 338 (1986). This court has sufficient basis for deciding the issue because the record contains a transcript of the sentencing hearing and the trial court's judgment entry of sentence.

12th Dist. Madison No. CA2012-06-012, 2013-Ohio-335, ¶ 9.  Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender; (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public; and (3) one of the following applies:

> (a)  The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
>
> (b)  At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
>
> (c)  The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Dillon* at *id.*

{¶ 23} The trial court is not required to give reasons explaining these findings, nor is the court required to recite any "magic" or "talismanic" words when imposing consecutive sentences.  *Crawford*, 2013-Ohio-3315 at ¶ 14.  However, it must be clear from the record that the trial court actually made the required statutory findings.  *Id.*  "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)."  *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 24} Although the trial court set forth the required statutory findings under R.C. 2929.14(C)(4) in its sentencing entry, it failed to make any of the required findings at sentencing prior to imposing consecutive sentences.  During the sentencing hearing, before

imposing consecutive sentences, the trial court merely stated that:

> Having looked at the situation, I find that the harm here is so great that a single term does not adequately reflect the seriousness of your conduct. I can't look at the harm that was visited on this child, particularly at the tender age of between ten to twelve years, and not feel that the harm was that great, so I'm going to order that counts one and two be run consecutive to each other. I will run count three concurrently for a total of twenty years.

{¶ 25} "[A]lthough trial courts are not required to use 'talismanic words' to comply with the statute, the findings required by R.C. 2929.14(C)(4) must be made on the record at sentencing prior to imposing consecutive sentences." *State v. Wilson*, 8th Dist. Cuyahoga No. 97827, 2012-Ohio-4159, ¶ 13; *State v. Boyd*, 8th Dist. Cuyahoga No. 98342, 2013-Ohio-30, ¶ 24. *Compare State v. Smith*, 12th Dist. Clermont No. CA2012-01-004, 2012-Ohio-4523, ¶ 34 (finding that a trial court is not required to set forth its consecutive sentence findings under R.C. 2929.14(C)(4) in its sentencing entry when the court makes the required findings at sentencing); *State v. Rose*, 12th Dist. Butler No. CA2011-11-214, 2012-Ohio-5607 (same). Here, the trial court did not make the required findings regarding consecutive sentences on the record at sentencing. Thus, this case must be remanded to the trial court to make the necessary findings. *Warren*, 2013-Ohio-3483 at ¶ 17.

{¶ 26} Having found that appellant's maximum sentences were proper, but that the trial court failed to make the required statutory findings under R.C. 2929.14(C)(4) on the record at sentencing before sentencing appellant to consecutive sentences, we find that the trial court's imposition of consecutive sentences is contrary to law. *See Marshall*, 2013-Ohio-5092 at ¶ 25. Accordingly, appellant's first assignment of error is overruled in part and sustained in part. *Warren* at ¶ 18.

{¶ 27} Assignment of Error No. 2:

{¶ 28} THE *DE FACTO* LIFE SENTENCE IMPOSED IN THIS CASE CONSTITUTES

CRUEL AND UNUSUAL PUNISHMENT.

{¶ 29} Appellant challenges his 20-year prison term on the ground that given his age (he was 74 years old at the time of sentencing), his sentence amounts to a de facto life sentence and constitutes cruel and unusual punishment in violation of the Eighth Amendment to the United States Constitution. However, given our decision to remand this case for resentencing, we find that appellant's second assignment of error is moot and we decline to address it. *See State v. Bonner*, 12th Dist. Butler No. CA2012-09-195, 2013-Ohio-3670.

{¶ 30} We hereby vacate that portion of the trial court's judgment imposing consecutive sentences and remand this matter to the trial court for resentencing. On remand, the trial court shall consider whether consecutive sentences are appropriate under R.C. 2929.14(C)(4), and if so, shall make the required statutory findings on the record at resentencing. In all other respects, the trial court's sentence is affirmed.

{¶ 31} Judgment affirmed in part, reversed in part, and cause remanded to the trial court for resentencing consistent with this opinion.

HENDRICKSON, P.J., and RINGLAND, J., concur.