[Cite as *State v. Harp*, 2016-Ohio-4921.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

CLERMONT COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO. CA2015-12-096 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 7/11/2016 |
| - vs - | : | |
| | : | |
| DONALD K. HARP, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM CLERMONT COUNTY COURT OF COMMON PLEAS
Case No. 2014CR0499

D. Vincent Faris, Clermont County Prosecuting Attorney, Nicholas Horton, 76 South Riverside Drive, 2nd Floor, Batavia, Ohio 45103, for plaintiff-appellee

W. Stephen Haynes, Clermont County Public Defender, Robert F. Benintendi, 302 East Main Street, Batavia, Ohio 45103, for defendant-appellant

**S. POWELL, J.**

{¶ 1} Defendant-appellant, Donald K. Harp, appeals from the decision of the Clermont County Court of Common Pleas sentencing him to serve a mandatory term of 36 months in prison after he pled no contest to one count of illegal assembly or possession of chemicals for the manufacture of methamphetamine. For the reasons outlined below, we reverse and remand for the limited purpose of resentencing.

{¶ 2} On September 4, 2014, the Clermont County Grand Jury returned an indictment charging Harp with one count of illegal assembly or possession of chemicals for the manufacture of drugs in violation of R.C. 2925.041(A), a third-degree felony. According to the bill of particulars, the charges stemmed from allegations that on January 4, 2014, Harp was observed purchasing items commonly used in the manufacture of methamphetamine from a Meijer store located in Milford, Clermont County, Ohio. Harp was later stopped by Miami Township Police Department and found to be in possession of numerous items necessary for the manufacture of methamphetamine. Harp admitted the same. It is undisputed that Harp had previously been convicted of trafficking in marijuana in violation of R.C. 2925.03(A)(1), a fourth-degree felony; possession of marijuana in violation of R.C. 2925.11(A), a third-degree felony; and illegal assembly or possession of chemicals for the manufacture of methamphetamine in violation of R.C. 2925.041(A), also third-degree felony.

{¶ 3} On September 10, 2014, Harp entered a plea of not guilty. However, on October 8, 2015, after the trial court decided a number of other issues not relevant to this appeal, Harp withdrew his not guilty plea and entered a plea of no contest to the single charged offense. After accepting Harp's no contest plea, the trial court found Harp guilty as charged. The trial court then held a sentencing hearing and sentenced Harp to serve a mandatory term of 36 months in prison. In so holding, the trial court stated that it was required to impose a mandatory 36-month prison sentence in light of this court's decision in *State v. Young*, 12th Dist. Warren No. CA2014-05-074, 2015-Ohio-1347, a decision that addressed a similarly situated defendant found guilty of illegal assembly or possession of chemicals for the manufacture of methamphetamine.

{¶ 4} Harp now appeals from the trial court's decision, raising a single assignment of error for review.

{¶ 5} THE TRIAL COURT ERRED IN IMPOSING A 36-MONTH PRISON TERM.

{¶ 6} In his single assignment of error, Harp argues the trial court misinterpreted our decision in *Young* and improperly determined that it was required to sentence him to a mandatory term of 36 months in prison. We agree.

{¶ 7} As with all felony sentences, we review this sentence under the standard of review set forth in R.C. 2953.08(G)(2). *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *State v. Marcum*, Slip Opinion No. 2016-Ohio-1002, ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8.

{¶ 8} Moreover, even in those cases where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Id.* Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, Slip Opinion No. 2016-Ohio-2970, ¶ 1, citing *Id.* at ¶ 7.

{¶ 9} As noted above, in *Young* this court addressed the available sentences the trial

court could impose for a similarly situated defendant found guilty of illegal assembly or possession of chemicals for the manufacture of methamphetamine. Specifically, this court addressed appellant's argument that the trial court erred "in sentencing him to 60 months in prison under R.C. 2925.041(C)(1), and not to 36 months in prison under R.C. 2929.14(A)(3)." In determining the trial court so erred, this court initially stated:

> R.C. 2929.14(A)(3), which governs prison terms for third-degree felonies, states:
>
>> (a) For a felony of the third degree that is a violation of [R.C.] 2903.06, 2903.08, 2907.03, 2907.04, or 2907.05 or that is a violation of [R.C.] 2911.02 or 2911.12 if the offender previously has been convicted of or pleaded guilty in two or more separate proceedings to two or more violations of [R.C.] 2911.01, 2911.02, 2911.11, or 2911.12, the prison term shall be twelve, eighteen, twenty-four, thirty, thirty-six, forty-two, forty-eight, fifty-four, or sixty months.
>>
>> (b) For a felony of the third degree that is not an offense for which division (A)(3)(a) of this section applies, the prison term shall be nine, twelve, eighteen, twenty-four, thirty, or thirty-six months.
>
> The statutory provisions listed in R.C. 2929.14(A)(3)(a) refer to certain vehicular offenses, certain sexual offenses, and robbery and burglary. Importantly, illegal assembly of chemicals for the manufacture of drugs in not an offense listed in R.C. 2929.14(A)(3)(a). Thus, pursuant to R.C. 2929.14(A)(3)(a) and (b), appellant's maximum sentence for violating R.C. 2925.041 would be 36 months in prison.
>
> R.C. 2925.041 governs illegal assembly of chemicals for the manufacture of drugs and states, in relevant part:
>
>> (C) Whoever violates this section is guilty of illegal assembly or possession of chemicals for the manufacture of drugs. Except as otherwise provided in this division, illegal assembly or possession of chemicals for the manufacture of drugs is a felony of the third degree, and * * * the court shall impose a mandatory prison term * * * as follows:

(1) Except as otherwise provided in this division, there is a presumption for a prison term for the offense. * * * If the offender two or more times previously has been convicted of or pleaded guilty to a felony drug abuse offense and if at least one of those previous convictions or guilty pleas was to a violation of division (A) of this section, a violation of [R.C.] 2919.22(B)(6), or a violation of [R.C.] 2925.04(A), the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree that is not less than five years.

The record shows that appellant was previously convicted of "illegal manufacture of drugs, aggravated possession of drugs" and has a prior conviction for illegal assembly of chemicals for the manufacture of drugs under R.C. 2925.041(A). As a result, pursuant to R.C. 2925.041(C)(1), appellant's mandatory sentence for violating R.C. 2925.041 would be 60 months (5 years) in prison.

*Young*, 2015-Ohio-1347 at ¶ 38-41.

{¶ 10} This court then went on to state:

R.C. 2925.041(C)(1) sets forth a specific sentencing scheme for third-degree felonies involving felony drug abuse offenses and is thus specific, rather than general, in nature. Likewise, R.C. 2929.14(A)(3), which sets forth a specific, two-tiered sentencing scheme for third-degree felonies, is specific, rather than general, in nature. The two statutes are clearly in conflict since the maximum sentence authorized for a third-degree felony drug offense under R.C. 2925.041(C)(1) is 60 months, while the maximum sentence allowed for third-degree felonies, other than those listed in R.C. 2929.14(A)(3)(a), is 36 months. Yet, R.C. 2925.041(C)(1) also incorporates by reference R.C. 2929.14 when the former states, "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree * * *."

(Internal citations omitted.) *Id.* at ¶ 46.

{¶ 11} Concluding, this court determined:

[W]e find that appellant should have been sentenced under R.C. 2929.14(A)(3)(b), and not under R.C. 2925.041(C)(1). The trial court's decision to sentence appellant to 60 months in prison under R.C. 2925.041(C)(1) is therefore clearly and convincingly contrary to law and appellant's sentence must be vacated. *See*

- 5 -

> R.C. 2953.08(G)(2). On remand, the trial court should exercise its discretion in resentencing appellant to one of the prison terms set forth in R.C. 2929.14(A)(3)(b) up to 36 months in prison.

*Id.* at ¶ 49.

{¶ 12} Relying on our decision in *Young*, and because it was undisputed Harp had at least two previous convictions for felony drug abuse offenses with at least one of those convictions being a violation of R.C. 2925.041(A) for the illegal assembly or possession of chemicals for the manufacture of methamphetamine, the trial court concluded that it was required to sentence Harp to a mandatory term of 36 months in prison. However, this is a misinterpretation of our holding in *Young*, for our decision states that under these exact circumstances the trial court may "*exercise its discretion*" in sentencing a defendant to one of the prison terms set forth in R.C. 2929.14(A)(3)(b) "*up to 36 months in prison.*" (Emphasis added.) *Id.* Therefore, due to the trial court's misinterpretation of our decision in *Young*, Harp's claim that the trial court erred by finding it was required to sentence him to a mandatory 36-month prison term has merit and is sustained.

{¶ 13} Although agreeing the trial court "erroneously stated that *Young* required it to sentence [Harp] to a mandatory three year prison sentence," the state nevertheless argues that the trial court's decision sentencing Harp to a mandatory 36-month prison term should be upheld since the General Assembly's clear intent in passing R.C. 2925.041(C)(1) was to "impose the maximum mandatory sentence statutorily allowable on those such offenders when the offenses was a felony of the third degree[.]" However, the state's argument ignores the principles espoused through the rule of lenity. The rule of lenity, as codified by R.C. 2901.04(A), applies where there is an ambiguity in a statute or a conflict between statutes. *Young*, 2015-Ohio-1347 at ¶ 48, citing *State v. Sheets*, 12th Dist. Clermont No. CA2006-04-032, 2007-Ohio-1799, ¶ 29. Specifically, R.C. 2901.04(A) provides in pertinent part that "sections of the Revised Code defining offenses or penalties shall be strictly construed

- 6 -

against the state, and liberally construed in favor of the accused." Under this rule, "a court will not interpret a criminal statute so as to increase the penalty it imposes on a defendant where the intended scope of the statute is ambiguous." *Sheets* at ¶ 28.

{¶ 14} Based on our decision in *Young*, it is clear that we found a conflict exists between these two disputed statutes. Again, as this court specifically stated in *Young*:

> The two statutes are clearly in conflict since the maximum sentence authorized for a third-degree felony drug offense under R.C. 2925.041(C)(1) is 60 months, while the maximum sentence allowed for third-degree felonies, other than those listed in R.C. 2929.14(A)(3)(a), is 36 months. Yet, R.C. 2925.041(C)(1) also incorporates by reference R.C. 2929.14 when the former states, "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the third degree * * *."

*Id.* at ¶ 46.

{¶ 15} Therefore, because the General Assembly has yet to amend either statute so as to resolve this conflict, we find it necessary to once again apply the rule of lenity to the case at bar and maintain the status quo within this district by following our prior precedent set forth in *Young*. In so holding, we find the fact that the trial court may ultimately impose the same sentence upon remand is immaterial. Nor do we find any merit to the fact that the trial court indicated it would "probably" still sentence Harp to a mandatory term of 36 months in prison, given the fact that the trial court was working under a faulty interpretation of the law as laid out by this court in *Young*. Accordingly, the trial court's decision to sentence Harp to a mandatory term of 36 months in prison is reversed and this matter is remanded for the limited purpose of resentencing in conformance with this opinion and that of our prior decision in *Young*.

{¶ 16} Judgment reversed and remanded.

M. POWELL, P.J., and PIPER, J., concur.