[Cite as *State v. Jones*, 2017-Ohio-7811.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| STATE OF OHIO, | : | |
| | | |
| Plaintiff-Appellee, | : | CASE NO.   CA2017-02-023 |
| | : | O P I N I O N |
| - vs - | | 9/25/2017 |
| | : | |
| NEKGHANTA JONES, | : | |
| | | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case No. 16CR32067


David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Thomas W. Kidd, Jr., P.O. Box 231, Harveysburg, Ohio 45032, for defendant-appellant


**RINGLAND, P.J.**

{¶ 1}   Defendant-appellant, Nekghanta Jones, appeals the sentencing decision of the Warren County Court of Common Pleas.  For the reasons detailed below, we affirm.

{¶ 2}   In June 2016, Jones whipped his four-year-old son's naked body with a cord while Jones' six-year-old son held the victim's hand.  According to Jones, the beating was a punishment for the victim having wet himself.  Photographs of the victim's injuries were admitted at the sentencing hearing showing numerous red welts on the victim's torso, back,

and midsection. There were also multiple red mark lacerations on the victim's penis, which was extremely swollen and indicative of intense trauma.

{¶ 3} Jones was indicted on charges of felonious assault and endangering children. On December 6, 2016, Jones pled guilty to two counts of endangering children in violation of R.C. 2919.22(B)(1) and R.C. 2919.22(B)(3), both second-degree felonies. The trial court then merged the counts, and the state elected to proceed on the violation of R.C. 2919.22(B)(3). The trial court then sentenced Jones to seven years in prison. Jones now appeals the decision of the trial court, raising a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED IN SENTENCING MR. JONES TO SEVEN YEARS IN PRISON.

{¶ 5} In his sole assignment of error, Jones argues that his sentence is contrary to law. We find no merit to Jones' argument.

{¶ 6} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 7} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2)

unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 8} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 9} After reviewing the record, we find that the trial court did not err in sentencing Jones to seven years in prison, as his sentence was not contrary to law and was supported by the record. As previously noted, Jones was convicted and sentenced for endangering children, a second-degree felony. According to R.C. 2929.14(A)(2), the proper range for a second-degree felony is two to eight years. As such, Jones' seven-year sentence was within the statutory guidelines for a felony of the second degree.

{¶ 10} The trial court also considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12, which is evident in the transcript of the sentencing hearing as well as the trial court's sentencing entry. The trial court considered multiple factors prior to imposing sentence. Photographs of the victim's injuries were considered during sentencing. The photographs show the seriousness of the injuries that the child suffered on his body, including extensive injuries to the child's genitals. In deciding not to impose the maximum penalty, the trial court noted Jones had, to some extent, accepted responsibility for his conduct and had a prior clean criminal record. However, the trial court found that Jones' actions were so heinous and unconscionable that a lengthy prison sentence was necessary to not demean the seriousness of the crime. After reviewing the record, we find that the trial court's sentence was not contrary to law and that it is fully

supported by the record.  As such, Jones' sole assignment of error is overruled.

**{¶ 11}**   Judgment affirmed.


PIPER and M. POWELL, JJ., concur.