[Cite as *State v. Nolen*, 2017-Ohio-8791.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY


STATE OF OHIO, :

    Plaintiff-Appellee, : CASE NO. CA2017-01-002

: O P I N I O N
- vs - 12/4/2017
:

BRADLEY W. NOLEN, :

    Defendant-Appellant. :


CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-06-0900


Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Bradley Nolen, appeals the sentencing decision of the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} Nolen pled guilty to one count of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony.[1] The charges arose because Nolen fled from a

---

1. Count One for having a weapon while under disability in violation of R.C. 2923.13(A)(2), a third-degree felony, and Count Three for obstructing official business in violation of R.C. 2921.31, a second-degree misdemeanor, were dismissed pursuant to a plea agreement.

vehicle stopped by Hamilton City Police. When Nolen was located, officers discovered a loaded Glock 27 semiautomatic handgun that had been dropped by Nolen as he attempted to flee from police.

{¶ 3} On October 31, 2016, Nolen was sentenced to an 18-month prison term for the concealed weapon violation. Nolen failed to file a timely appeal, however, this court granted Nolen's request to file a delayed appeal. We now consider Nolen's appeal, which raises a single assignment of error for review:

{¶ 4} THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 5} In his sole assignment of error, Nolen argues that his sentence is contrary to law because the purposes and principles of sentencing were not considered. We find no merit to Nolen's argument.

{¶ 6} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 7} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2)

unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 8} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 9} After reviewing the record, we find that the trial court did not err in sentencing Nolen to an 18-month prison term, as his sentence was not contrary to law and was supported by the record. As previously noted, Nolen was convicted of carrying a concealed weapon in violation of R.C. 2923.12(A)(2), a fourth-degree felony. A fourth-degree felony is punishable by a prison term of "six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months." R.C. 2929.14(A)(4). As such, Nolen's 18-month prison sentence was within the statutory guideline for a fourth-degree felony.

{¶ 10} The trial court also considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12. This is evidenced by review of the transcript of the sentencing hearing and the trial court's sentencing entry. The trial court noted that Nolen had previously been convicted of two counts of felonious assault, which resulted in a six-year-prison sentence. The trial court also addressed its concerns that Nolen had a firearm in his possession and the need to protect the public:

> As I understand this, you were with a friend on your way to get heroin, you had purchased a firearm, that for obvious reason you didn't * * * want to get caught with that on your person, so you ran from the officer and discarded the firearm. And there's a lot about that story that is of great concern to me. You have been accepted into the CCC program, you have been accepted into the SAMI program, but I have considered the record, and the overriding purposes of felony sentencing, which are to protect the public from future crime and to punish the offender using the

minimum sanctions needed to accomplish the purposes without imposing an unnecessary burden on the State or local government resources.

I've considered the seriousness and recidivism factors set forth in Ohio Revised Code § 2929.11 and 2929.12. I've considered the information contained in the pre-sentence investigation report, as well as the other reports that I have received. In light of all those considerations I'm going to impose the following sentence as to Count II * * * carrying a concealed weapon. I am not going to avail myself of the options that I have discussed; I am going to find that based on your prior record as well as the circumstances of the case, that you're not amenable to a community control sanction. I am going to impose a prison term of 18 months in the Ohio Department of Rehabilitation and Correction.

{¶ 11} After reviewing the record, we find that the trial court's sentence was not contrary to law and that it is fully supported by the record. As such, Nolen's assignment of error is overruled.

{¶ 12} Judgment affirmed

HENDRICKSON, P.J., and PIPER, J., concur.