[Cite as *State v. Carter*, 2018-Ohio-218.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-04-045 |
| | : | O P I N I O N |
| - vs - | | 1/22/2018 |
| | : | |
| SHELLY CARTER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-10-1483

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Tamara S. Sack, 9436 Waterstone Blvd., Suite 140, Cincinnati, Ohio 45249, for defendant-appellant

**RINGLAND, J.**

{¶ 1} Defendant-appellant, Shelly Carter, appeals the sentencing decision of the Butler County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} Carter was indicted on charges of conspiracy to commit aggravated murder in violation of R.C. 2923.01(A)(1) and R.C. 2903.01, a first-degree felony. The charge was based on Carter's conduct in conspiring to hire a hitman to kill her husband.

{¶ 3} As part of a plea agreement, Carter pled guilty to the amended lesser offense of attempted conspiracy to commit aggravated murder in violation of R.C. 2923.02, R.C. 2923.01(A)(1), and R.C. 2903.01. During the plea hearing, Carter admitted to hiring someone to kill her husband and agreed with the state's recitation of facts that "[Carter] hired Donnie Sandlin to murder her husband over a pact they withdrew – [Carter] withdrew $500 from an ATM and provided that to her with the codefendants, and the rest of the payment was due after the murder the next day."

{¶ 4} During the sentencing hearing, Carter presented mitigating evidence and requested a lenient sentence. The trial court sentenced Carter to eight years in prison. Carter now appeals her sentence, raising the following assignment of error.

{¶ 5} THE TRIAL COURT ERRED TO APPELLANT'S PREJUDICE BY IMPOSING A MAXIMUM PRISON SENTENCE.

{¶ 6} In her sole assignment of error, Carter argues that her sentence is contrary to law because the purposes and principles of sentencing were not considered. We find no merit to Carter's argument.

{¶ 7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the

permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 9} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 10} After reviewing the record, we find that the trial court did not err in sentencing Carter to an eight-year prison term, as her sentence was not contrary to law and was supported by the record. As previously noted, Carter was convicted of attempted conspiracy to commit aggravated murder, a second-degree felony in violation of R.C. 2923.23, R.C. 2923.01(A)(1), and R.C. 2903.01. A second-degree felony is punishable by a prison term of "two, three, four, five, six, seven, or eight years." R.C. 2929.14(A)(2).

{¶ 11} The trial court also considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12. This is evidenced by review of the transcript of the sentencing hearing and the trial court's sentencing entry. Though Carter did not have an extensive history of criminal activity, the trial court noted the severity of her conduct and the troubling nature of her conduct. As noted by the trial court:

> Very well. The Court on all three cases considered the purposes and principles of sentencing, weighed the recidivism and the seriousness factors. In each of these cases, the Defendants stand before the Court convicted of a felony of the second degree, attempted conspiracy to commit aggravated murder.

There is a presumption of prison. The Court will find that that presumption has not been rebutted. The Court has considered the purposes and principles of sentencing.

The Court finds that the actions and the facts of this case are disturbing. Ms. Shelly Carter, who has very low involvement with the criminal justice system, a mother of two, owns her own business, married to the victim for how many years? A decade?

\* \* \*

Fourteen years. And developed a mindset that she's willing to devise and then begin executing a plan to kill the father of her children, her husband of 14 years. And then have her brother who's had experience in the criminal justice system, to know what it means to be incarcerated, to live behind walls, instead of putting the brakes on, offers advice on how it's done.

Sits there at the table or wherever this was being discussed, goes to the meeting place where the money is being pulled from the ATM to hand to the hit man. For a man that's been to prison twice a long record and a step sister – or step brother of the – of Ms. Carter.

And then Ms. Fryman, you're only 21 years old, no prior record. You think that you would – for you to even think that you had the right contacts to set up a hit, and to be involved in this, and engage in the same behavior. I'll be honest, ladies and gentleman, I find it disturbing, I mean, just absolutely depraved, disturbing, despicable, particularly for the two young ladies who have no prior record. What could lead someone to this type of thinking?

So the Court will find that none of these Defendants are amenable to available community control sanctions. With respect to Shelly Carter, the presumption has not been rebutted. Ma'am, you'll serve 8 years in the Ohio Department of Rehabilitation and Corrections.

{¶ 12} After reviewing the record, we find that the trial court's sentence was not contrary to law and that it is fully supported by the record. Though Carter contends that she is remorseful, has taken responsibility for her actions, and is seeking to repair herself psychologically and emotionally, her arguments in mitigation are unpersuasive given the nature of her conduct. As such, Carter's assignment of error is overruled.

{¶ 13} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.