[Cite as *State v. Sanchez*, 2018-Ohio-3851.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

MADISON COUNTY


STATE OF OHIO,                               :

    Plaintiff-Appellee,                    :                    CASE NO. CA2017-11-020

                                            :                    O P I N I O N
- vs -                                                            9/24/2018

                                            :

MARGARITO RICO SANCHEZ,                      :

    Defendant-Appellant.                   :


CRIMINAL APPEAL FROM MADISON COUNTY COURT OF COMMON PLEAS
Case No. CRI20170088


Stephen J. Pronai, Madison County Prosecuting Attorney, Rachel M. Price, 59 North Main Street, London, Ohio 43140, for plaintiff-appellee

Shannon M. Treynor, 63 North Main Street, P.O. Box 735, London, Ohio 43140, for defendant-appellant


    **RINGLAND, P.J.**

    {¶ 1} Defendant-appellant, Margarito Sanchez, appeals from his conviction in the Madison County Court of Common Pleas after he pled guilty to aggravated possession of drugs. For the reasons detailed below, we affirm.

    {¶ 2} On July 12, 2017, Sanchez was indicted for possession of drugs and aggravated possession of drugs in violation of R.C. 2925.11(A). The charges arose after

Sanchez was stopped for a traffic violation and a subsequent search of his vehicle revealed that he was in possession of 1,105.91 grams of cocaine and 799.34 grams of methamphetamine.

{¶ 3}  On September 29, 2017 Sanchez entered a guilty plea to an amended count of aggravated possession of drugs, a first-degree felony, along with a forfeiture specification. The trial court sentenced Sanchez to an eight-year prison term.  The trial court also ordered Sanchez to pay a $15,000 mandatory fine.  Sanchez now appeals the trial court's decision, raising two assignments of error for review.

{¶ 4}  Assignment of Error No. 1:

{¶ 5}  THE COURT ABUSED ITS DISCRETION BY IMPOSING A MANDATORY FINE IN THE FACE OF THE DEFENDANT'S INDIGENCE.

{¶ 6}  In his first assignment of error, Sanchez argues the trial court abused its discretion by imposing the mandatory $15,000 fine.  We disagree.

{¶ 7}  Pursuant to R.C. 2929.18(B)(1), the trial court is obligated to impose mandatory fines when the offender commits certain drug-related felonies.  *State v. Saracco-Rios*, 12th Dist. Madison Nos. CA2016-02-011 and CA2016-03-014, 2016-Ohio-7192, ¶ 8.  As relevant here, this includes a first-degree felony offense for aggravated possession of drugs in violation of R.C. 2925.11(A).  However, the statute also provides that (1) "if an offender alleges in an affidavit filed with the court prior to sentencing that the offender is indigent and unable to pay the mandatory fine," and (2) "if the court determines the offender is an indigent person and is unable to pay the mandatory fine described in this division," the court shall not impose the mandatory fine.

{¶ 8}  According to R.C. 2929.19(B)(5), before imposing a financial sanction, including a mandatory fine under R.C. 2929.18(B)(1), "the court shall consider the offender's present and future ability to pay the amount of the sanction or fine."  There are no express factors

that must be considered or specific findings that must be made regarding the offender's ability to pay. *State v. Dandridge*, 12th Dist. Butler No. CA2003-12-330, 2005-Ohio-1077, ¶ 6. However, there must be some evidence in the record to show that the trial court acted in accordance with the legislative mandate that it consider the offender's present or future ability to pay. *State v. Lang*, 12th Dist. Brown No. CA2011-03-007, 2011-Ohio-5742, ¶ 12. This can be shown through the trial court's use of a PSI, which often provides financial and personal information of the offender, in order to aid the trial court in making its determination. *Saracco-Rios* at ¶ 10.

{¶ 9} Following a thorough review of the record, we find the trial court did not abuse its discretion by imposing the $15,000 fine. In this case, the trial court found that Sanchez had future earning abilities based on his employment history. The PSI provides support for this decision, as Sanchez reported that, at the time of his arrest, he was making approximately $2,000 per month through a combination of jobs as a landscaper and as a packer at Dole. Sanchez had worked as a landscaper for the past four to five years and as a packer for the past six to seven years. Based on the information before this court, we find the trial court did not abuse its discretion by determining that Sanchez had the present or future ability to pay this mandatory fine. As a result, Sanchez's first assignment of error is overruled.

{¶ 10} Assignment of Error No. 2:

{¶ 11} THE COURT ABUSED ITS DISCRETION IN SENTENCING THE DEFENDANT, A FIRST TIME, NON-VIOLENT OFFENDER, TO A DETERMINATE TERM OF EIGHT YEARS IN THE PENITENTIARY.

{¶ 12} In his second assignment of error, Sanchez argues that he should have received a shorter term of incarceration. We find no merit to Sanchez's argument.

{¶ 13} This court reviews felony sentences pursuant to the standard of review set

forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 14} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 15} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 16} We find no error in the trial court's decision to sentence Sanchez to serve an eight-year prison term. As revealed by the record, Sanchez's sentence is not clearly and convincingly contrary to law because the trial court properly considered the purposes and principles of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, imposed the required mandatory five-year postrelease control term, and ordered Sanchez to serve a sentence that

- 4 -

fell within the permissible statutory range for a first-degree felony. R.C. 2929.14(A)(1) ("[f]or a felony of the first degree, the prison term shall be three, four, five, six, seven, eight, nine, ten, or eleven years"). Under such circumstances, a trial court's sentence is not clearly and convincingly contrary to law. *Ahlers* at ¶ 8.

{¶ 17} The record also supports the trial court's sentencing decision, as Sanchez possessed drugs far exceeding the amount necessary to constitute a first-degree felony and was done as part of organized crime activity. As a result, we find Sanchez's sentence was not contrary to law. Sanchez's second assignment of error is overruled.

{¶ 18} Judgment affirmed.

PIPER and M. POWELL, JJ., concur.