[Cite as *State v. Landingham*, 2018-Ohio-1568.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY


| STATE OF OHIO, | : | |
| :--- | :--- | :--- |
| Plaintiff-Appellee, | : | CASE NOS. CA2017-08-127 CA2017-08-128 |
| | : | O P I N I O N |
| - vs - | | 4/23/2018 |
| | : | |
| RAYMOND LANDINGHAM, | : | |
| Defendant-Appellant. | : | |


CRIMINAL APPEAL FROM WARREN COUNTY COURT OF COMMON PLEAS
Case Nos. 17CR33015, 17CR32978


David P. Fornshell, Warren County Prosecuting Attorney, Kathryn M. Horvath, 520 Justice Drive, Lebanon, Ohio 45036, for plaintiff-appellee

Timothy J. McKenna, 125 East Court Street, Suite 950, Cincinnati, Ohio 45202, for defendant-appellant


**RINGLAND, J.**

{¶ 1} Defendant-appellant, Raymond Landingham, appeals the sentencing decision of the Warren County Court of Common Pleas. For the reasons detailed below, we affirm.

{¶ 2} On February 27, 2017, Landingham was indicted for two counts of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), fourth-degree felonies. On May 10, 2017, Landingham pled guilty to one count of aggravated trafficking in drugs and the state agreed to dismiss the second count. During that same hearing, Landingham also waived

indictment and pled guilty to a separate count of possession of cocaine in violation of R.C. 2925.11(A), a fifth-degree felony.

{¶ 3} During the plea, the trial court informed Landingham that the maximum prison term for the trafficking offense was 18 months. The court also acknowledged that Landingham and the state agreed to a sentence of 12 months incarceration. The trial court ordered a presentence investigation. Following Landingham's guilty plea on the cocaine charge, the trial court inquired whether community based sanctions, including drug treatment, would be more appropriate in this instance. Landingham indicated that he would be open to drug treatment and he was screened for treatment at a community based correctional facility.

{¶ 4} At the sentencing hearing, the trial court sentenced Landingham to three years of community control with conditions that he complete an inpatient treatment program and be placed on electronic home monitoring for 60 days following his release. The trial court advised Landingham both at the sentencing hearing and in the judgment entry that violation of his community control may result in the imposition of a prison term up to 18 months. Landingham now appeals the trial court's decision, raising a single assignment of error for review:

{¶ 5} THE RECORD DOES NOT SUPPORT THE SENTENCE IMPOSED BY THE COURT.

{¶ 6} In his sole assignment of error, Landingham argues that the record does not support the trial court's sentencing decision. We find no merit to Landingham's argument.

{¶ 7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's

- 2 -

findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 8} A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 9} When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *Id.*

{¶ 10} After reviewing the record, we find that the trial court did not err in its sentencing decision, as Landingham's sentence was not contrary to law and was supported by the record. In this case, Landingham does not dispute that his community control sanction was within the permissible range.

{¶ 11} The trial court considered the purposes and principles of sentencing as required by R.C. 2929.11 and R.C. 2929.12. This is evidenced by review of the transcript of the sentencing hearing and the trial court's sentencing entry. The trial court was concerned with Landingham's drug use and involvement in the trafficking in drugs. However, the court was clear that it was mindful of the disease of addiction and the positive role that treatment

could have in Landingham's life.

{¶ 12} Nevertheless, on appeal, Landingham is concerned with the potential 18-month prison sentence that may be imposed in the event that he violates the terms of his community control. Landingham argues that he entered into an agreed sentence of 12-months, and therefore any potential prison term above that violates the "spirit of the agreement" he had with the state. Landingham believes that he should only be subject to a 12-month-prison-term should he violate the conditions of his community control.

{¶ 13} Landingham's position, however, is without merit. This court has previously held that "[i]t is well-established that any penalty imposed for violating a condition of one's community control sanctions is a punishment for that violation and not for the original underlying offense." *State v. Richter*, 12th Dist. Clermont No. CA2014-06-040, 2014-Ohio-5396, ¶ 8; *State v. Davis*, 12th Dist. Warren Nos. CA2015-09-081 and CA2015-09-082, 2016-Ohio-879 at ¶ 17 (a revocation of community control punishes the failure to comply with the terms and conditions of community control).

{¶ 14} The 18-month potential prison term is merely the notification requirement of the term that may be imposed if Landingham violates community control. *State v. Duncan*, 12th Dist. Butler Nos. CA2015-05-086 and CA2015-06-108, 2016-Ohio-5559, ¶ 21. In the event that Landingham violates the terms of his community control, the prison term imposed will be for that community control violation, not the underlying offense. Accordingly, his argument that the potential prison term violated the "spirit of the agreement" is without merit. Landingham was spared a year of incarceration and permitted community control to obtain treatment for his drug addiction. Any violation of his community control will result in a punishment for that violation.

{¶ 15} After reviewing the record, we find that the trial court's sentence was not contrary to law and that it is fully supported by the record. Therefore, Landingham's sole

assignment of error is overruled.

{¶ 16}   Judgment affirmed.


HENDRICKSON, P.J., and M. POWELL, J., concur.