[Cite as *State v. Whitsel*, 2019-Ohio-4313.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

WARREN COUNTY

|  |  |  |
|---|---|---|
|  | : |  |
| STATE OF OHIO, | : | CASE NO. CA2019-05-043 |
| Appellee | : | O P I N I O N<br>10/21/2019 |
| - vs - | : |  |
| JOSEPH A. WHITSEL, | : |  |
| Appellant. | : |  |

CRIMINAL APPEAL FROM WARREN COUNTY COMMON PLEAS COURT
Case No. 18CR34726

David P. Fornshell, Warren County Prosecuting Attorney, Kirsten A. Brandt, 520 Justice Drive, Lebanon, Ohio 45036, for appellee

Kane Law Offices, Travis Kane, 130 W. 2nd Street, Suite 460, Dayton, Ohio 45402, for appellant

**RINGLAND, J.**

{¶ 1} Appellant, Joseph Whitsel, appeals the sentence imposed by the Warren County Court of Common Pleas. For the reasons detailed below, we affirm.[1]

{¶ 2} On November 13, 2018, Whitsel was indicted for possession of hashish, drug trafficking, possession of drugs, having weapons under disability, possession of criminal tools, and two counts of operating a vehicle while under the influence.

---

1. Pursuant to Loc.R. (6)(A), we sua sponte remove this appeal from the accelerated calendar for the purpose of issuing this opinion.

{¶ 3} The charges stemmed from an incident where Whitsel was pulled over for speeding. When the officer approached, he noticed the odor of marijuana coming from inside Whitsel's vehicle. Whitsel later consented to a search of his vehicle, cell phone, and residence. During the vehicle search, law enforcement found packaged bags of marijuana along with $630.00 in cash. A search of Whitsel's cell phone revealed text messages suggesting that he was involved in the trafficking of marijuana. During the search of his residence, law enforcement seized 732 grams of marijuana and 718 grams of hashish. Law enforcement also seized two handguns and a shotgun, which Whitsel was prohibited from possessing due to a prior robbery conviction.

{¶ 4} On February 19, 2019, Whitsel pled guilty to trafficking in marijuana in violation of R.C. 2925.03, a fourth-degree felony, and having weapons while under disability in violation of R.C. 2913.13(A)(2), a third-degree felony. The trial court sentenced Whitsel to a six-month prison term for trafficking and a two-year prison term for having weapons under disability and ordered those terms be served concurrently. Whitsel now appeals, raising one assignment of error for review:

{¶ 5} THE TRIAL COURT ERRED BY IMPOSING A SENTENCE OF TWO YEARS IN PRISON.

{¶ 6} In his sole assignment of error, Whitsel argues that the record does not support the trial court's sentencing decision. We find no merit to Whitsel's argument.

{¶ 7} This court reviews felony sentences pursuant to the standard of review set forth in R.C. 2953.08(G)(2) to determine whether the imposition of those sentences is clearly and convincingly contrary to law. *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Pursuant to that statute, an appellate court may modify or vacate a sentence only if, by clear and convincing evidence, "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v.*

*Harp*, 12th Dist. Clermont No. CA2015-12-096, 2016-Ohio-4921, ¶ 7.

{¶ 8}   A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers*, 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1.

{¶ 9}   When a defendant is sentenced, a trial court is not required to consider each sentencing factor, "but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure." *State v. Stamper*, 12th Dist. Butler No. CA2012-08-166, 2013-Ohio-5669, ¶ 11. The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly permits a trial court to consider any relevant factors in imposing a sentence. *State v. Landingham*, 12th Dist. Warren Nos. CA2017-08-127 and CA2017-08-128, 2018-Ohio-1568, ¶ 9.

{¶ 10} Following review, we find the trial court did not err in its sentencing decision. The record reflects that Whitsel's sentence is not clearly and convincingly contrary to law because the trial court sentenced him within the permissible statutory range after considering the presentence-investigative report ("PSI"), the purposes and principles of sentencing, and the relevant seriousness and recidivism factors.

{¶ 11} On appeal, Whitsel concedes that the two-year term of incarceration is within the statutory range for a third-degree felony. *See* R.C. 2929.14(A)(3). Nevertheless, Whitsel argues that his sentence is contrary to law because it is not supported in the record under R.C. 2929.11 and R.C. 2929.12. In support, Whitsel alleges that he is seeking voluntary

treatment for his substance abuse issues. Whitsel further disagrees with the trial court's sentencing analysis and points to recommendations and findings contained in the PSI that indicated he was only a moderate risk for recidivism and would do well on probation.

{¶ 12} However, contrary to Whitsel's position on appeal, the trial court did adequately consider the seriousness and recidivism factors in R.C. 2929.11 and 2929.12. This is evidenced by review of the transcript of the sentencing hearing and the trial court's sentencing entry. During sentencing, the trial court noted that Whitsel had made progress since his arrest and had been cooperative throughout the proceedings:

> Mr. Whitsel, you represent sort of the difficult decision that a Judge has to make because you've been doing well on supervision and since you've been on pretrial, since you've been involved in this case, this goes all the way back to the time of your arrest, where you were cooperative, you consented to the search of your phone, to the search of your residence, and you agreed to assist in essentially the prosecution of yourself in this case. You did well on pretrial, you have a job, there is every reason for me to believe that you will succeed if I put you on probation.

The trial court then continued by addressing the seriousness of Whitsel's conduct, his prior criminal history, and the need for a term of incarceration. Specifically, the trial court addressed concerns that Whitsel continued to illegally possess firearms:

> But, that's the good side. The bad side is that your record is terrible and there is no set of circumstances under which you should be in possession of or anywhere near a firearm. With your criminal history, not only the burglary, you also have a prior CCW that was pled down back in 1999, so you have been convicted of a weapons offense before and I cannot put you on probation for this. To put you straight back in the community or have you serve local jail, would seriously demean this offense. It is not consistent with the purposes and principles of sentencing, including punishment, deterrence, and protection of the public.

{¶ 13} The trial court also memorialized its finding within the sentencing entry, finding that Whitsel was "not amenable to an available community control sanction" and "prison is consistent with the purposes and principles" of R.C. 2929.11. Whitsel disagrees with the trial

court's sentencing decision and the manner that the trial court balanced the relevant factors set forth under both R.C. 2929.11 and 2929.12. But, as this court has stated previously, "[t]he trial court, in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how [Whitsel] would have weighed them does not mean the trial court erred in imposing [Whitsel's] sentence." *State v. Abrams*, 12th Dist. Clermont Nos. CA2017-03-018 and CA2017-03-019, 2017-Ohio-8536, ¶ 17. As a result, we find the trial court did not err in its sentencing decision. Whitsel's sole assignment of error is overruled.

{¶ 14} Judgment affirmed.

HENDRICKSON, P.J., and S. POWELL, J., concur.